# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EILEEN LYNCH, *et al.* </br></br> Plaintiffs, </br></br> v. </br></br> BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 508 d/b/a CITY COLLEGES OF CHICAGO, </br></br> Defendant. | Case No. 2021-cv-00366 </br></br> Judge Sara L. Ellis </br></br> Magistrate Judge Sheila M. Finnegan |

### AGREED CONFIDENTIALITY ORDER REGARDING DISCOVERY

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. Scope. All materials produced or adduced in the course of discovery, including initial disclosures, documents received from third parties, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. Confidential Information. As used in this Order, "Confidential Information" means information designated as ""CONFIDENTIAL" or "CONFIDENTIAL -SUBJECT TO PROTECTIVE ORDER" [1] by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute, including but not limited to the

---

[1] At the parties' election, they may mark the document "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECTIVE TO PROTECTIVE ORDER" and those designations shall operate interchangeably with either designating a document as protected under this Order.

Family Educational Rights and Privacy Act ("FERPA"); (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information, as set forth in FRCP 5.2(a); (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) personnel or employment records of a person who is not a party to the case; or (h) Office of the Inspector General for the City Colleges of Chicago investigative files, but only insofar as those documents would be an exception to FOIA. Information or documents that are available to the public may not be designated as Confidential Information. This Order in itself does not permit Defendant to refuse to produce information subject to FERPA. The parties will work together should information subject to FERPA be requested in order to ensure compliance with FERPA.

3. Designation.

(a) A party (including a subpoenaed third party) may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on each page of the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents

marked "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b) The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this order.

4. Depositions.

Deposition testimony is protected by this Order only if designated as "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the record at the time the testimony is taken. Such designation shall be specific as to the portions that contain Confidential Information. Deposition testimony so designated shall be treated as Confidential Information protected by this Order until fourteen days after delivery of the transcript by the court reporter to the designating party. Within fourteen days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record identifying the specific portions of the transcript that are designated Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. If the non-designating party does not have a full copy of the transcript at the time of designation, the designating party shall provide a copy to the non-designating party of those portions of the transcript that the designating party is designating as Confidential. The failure to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential Information that was made on the record of the deposition, unless otherwise ordered by the Court.

5. Protection of Confidential Material.

(a) General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

(b) Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1) Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

(2) Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) The Court and its personnel and jurors, special masters, and other triers of fact, and any private mediator whom the parties may engage to assist with negotiating a resolution to the matter or to an issue in the matter;

(4) Court Reporters and Recorders. Court reporters and recorders engaged for depositions, hearings, or trial;

(5) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents; or for making exhibits or demonstratives for negotiation, mediation, trial, or appeal;

(6) Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) Witnesses. Witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses

        may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

    (8)    Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

    (9)    Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

    (c)    Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

    6.    Inadvertent Failure to Designate. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7. Filing of Confidential Information. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file under seal a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

8. No Greater Protection of Specific Documents. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9. Challenges by a Party to Designation as Confidential Information. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b) Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the

6

designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10. Action by the Court. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11. Use of Confidential Documents or Information at Trial, Hearing, or During Negotiations, Settlement Conferences, and Mediations. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. Any party that will publicly file or present Confidential Information at a hearing or trial shall provide notice to the other party (and third party if a third party was the designating party) in reasonable advance of any anticipated filing or use (of not less than five court days) that the party intends to file or use such Confidential Information. If the designating party indicates it wishes the filing or use to be presented under seal, the party intending to file or use the Confidential Information agrees to meet and confer regarding the propriety of sealing the Confidential Information. Should the parties not come to an agreement, the filing or using party shall not publicly file or use the information until such time as the issue can be decided by the Court, provided that the party seeking the seal shall present the issue to the court in a timely fashion. If a party is prevented from meeting a filing deadline on account of the meet and confer requirement or any other requirement of this provision, that party shall not be penalized for its inability to meet the deadline; rather, the deadline shall be extended to allow for the requirements of this provision to be met. Additionally, and/or in the alternative, the party wishing to use the designated material may publicly file any pleadings or motions with a placeholder for any attachment or exhibit containing material designated as

Confidential Information (and not publicly disclose such Confidential Information) and provide a courtesy copy to the Court and other party that contains the material designated as Confidential Information. The parties will then comply with the meet and confer requirement set forth above and re-file the submission either publicly in full or under seal in part, as they agree upon or the Court rules (provided a party may only file material under seal pursuant to Section 7 of this Order). The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

    12.    Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

    (a)    If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, as soon as is practicable, and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

    (b)    The receiving party also must, as soon as practicable, inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

    (c)    The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or

encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

13. Challenges by Members of the Public to Sealing Orders. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

14. Non-Waiver By Production.

(a) Consistent with Federal Rule of Civil Procedure 26(b)(5) and pursuant to Rule of Evidence 502(d), the inadvertent production of material subject to a claim of attorney-client privilege, attorney work product, or any applicable privilege or protection shall not itself constitute a waiver of the privilege in this or any other federal or state proceeding. If the producing party learns that privileged or protected material has been inadvertently produced, the producing party shall give notice to the receiving party or parties of that inadvertent production. Upon receipt of the notice, the receiving party or parties shall promptly sequester, destroy, or return the material to the producing party, and shall not use the material for any purpose other than subsequently filing a motion with the Court to compel production of the material. The producing party shall preserve a copy of the materials for this distinct purpose. The receiving party or parties shall seek to file such a motion under seal, and shall not assert the facts or circumstances surrounding the inadvertent production as grounds for compelling production.

(b) Notwithstanding the forgoing subsection, the affirmative use of ESI or a document by the producing party in the case waives privilege and protection with respect to it, and of other ESI and documents to the extent provided by Federal Rule of Evidence, Rule 502(a).

15. Obligations on Conclusion of Litigation.

(a) Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) Obligations at Conclusion of Litigation Upon conclusion of this matter, (including exhaustion of all applicable times for appeal, rehearing, and certiorari for any remaining issue or party in the matter) all Confidential Information and documents marked "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall, if requested in writing within 60 days by the designating party, be returned to the producing party at the producing party's expense unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return with the cost of destruction being the responsibility of the original designating party.[2] Should the designating party not request return or destruction of the Confidential Information, the receiving party shall maintain the Confidential Information in the same manner in which counsel maintains closed client files, provided that counsel takes reasonable measures to ensure that those files are maintained in a secure fashion.

(c) Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to, upon request, return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial

---

[2] The parties may choose to agree that the receiving party shall destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate, and return emails to or from counsel (including attachments to emails) that may include Confidential Information.

10

portions of Confidential Information; (2) documents that are stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes, and (3) one complete set of all documents used, produced, exchanged, or otherwise maintained in the client file by any party. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information except as otherwise permitted herein.

(d) Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

16. Order Subject to Modification. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

17. No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

18. Persons Bound. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

So Ordered.

Dated: 11/4/2021

_____
U.S. District Judge

| | |
|---|---|
| WE SO MOVE<br>and agree to abide by the<br>terms of this Order | WE SO MOVE<br>and agree to abide by the<br>terms of this Order |
| *Plaintiffs' Counsel* | *Defendant's Counsel* |
|  /s/ M. Megan O'Malley  |  /s/ Ian H. Fisher  |
| M. Megan O'Malley<br>John P. Madden<br>Katherine D. Ellis<br>O'Malley & Madden, P.C.<br>542 S. Dearborn Street, Suite 660<br>Chicago, Illinois 60605<br>(312) 697-1382<br>momalley@ompc-law.com | Ian H. Fisher (ifisher@taftlaw.com)<br>Sukrat A. Baber (sbabe@taftlaw.com)<br>TAFT STETTINIUS & HOLLISTER LLP<br>111 East Wacker Drive<br>Suite 2800<br>Chicago, Illinois 60601<br>(312) 527-4000 |

ATTACHMENT A

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EILEEN LYNCH, *et al.* )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>BOARD OF TRUSTEES OF COMMUNITY )<br>COLLEGE DISTRICT NO. 508 d/b/a CITY )<br>COLLEGES OF CHICAGO, )<br>)<br>Defendant. ) | Case No. 2021-cv-00366<br><br>Judge Sara L. Ellis<br><br>Magistrate Judge Sheila M. Finnegan |

## ACKNOWLEDGMENT
## AND
## AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____
                               _____
                               _____

Date: _____      _____
                                                                                       Signature

70923629v5