# Exhibit D

Message

| | |
|---|---|
| **From**: | Eugene Nichols [enichols01@ccc.edu] |
| **Sent**: | 11/4/2019 7:18:27 PM |
| **To**: | Aaron Allen [aallen65@ccc.edu] |
| **Subject**: | RE: Personnel Comsideration |

Hey Aaron –

Thanks much, and I totally agree. The points you raise were also my concerns. I will get with the President and express these points.

Thanks

**Eugene Nichols, Jr.** | Deputy Chief Talent Officer
City Colleges of Chicago
3901 S. State Street, 2nd fl. | Chicago, IL 60609
p 312.553.2874 | f 312.553.2700

*Information transmitted is intended only for the person/entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon this information by persons/entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and delete the material from any computer.*

---

**From:** Aaron Allen <aallen65@ccc.edu>
**Sent:** Monday, November 4, 2019 1:15 PM
**To:** Eugene Nichols <enichols01@ccc.edu>
**Subject:** RE: Personnel Comsideration

Eugene:
I reviewed, but am concerned that the document is not substantial enough to support termination. In many instances, there appears to be a reliance on statements of the union and various College Advisors without follow-up to determine whether there was merit to their claims. While their expressed concerns are important and should be taken seriously, I do not think Management should rely on them for discipline purposes without appropriate follow-up. For instance, the term "toxic environment" was used several times but there did not seem to be documented effort to determine (1) what was meant by toxic environment, and (2) whether EL was the source/cause of the toxicity or whether those accusing EL were accountable for any of the negativity.

Also, it seems likely that EL will claim retaliation by the VP based on the incident when she says VP made her ill. Based on the likelihood of a retaliation charge, the College's reasoning why EL's performance warrants termination needs to be strong. Even if everything that the VP says is true, the documentation strikes me as a little opinionated and one-sided in some places. EL could also possibly claim retaliation for being a "whistleblower" regarding the issue of backdating registrations if there is anything improper about the practice.

If the College wishes to pursue the personnel action, I would recommend that the VP include more substance regarding Management's response, e.g. what actions did Management take to respond to the union's allegations, what efforts were made to determine whether EL was the reason for the toxic environment or whether the employees simply did not like her, what coaching/training sessions did Management have with EL to address deficiencies, what directives were given to EL that were not followed, etc. If answers to these questions exist, they should be included in the justification to strengthen the College's justification and to help the General Counsel be able to better defend against a possible claim of retaliation.

**Aaron Allen** | Executive Director, EEO and Labor & Employee Relations
City Colleges of Chicago

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER