# Exhibit K

# O'Malley & Madden, P.C.
*Attorneys & Counselors at Law*

542 South Dearborn Street • Suite 660 • Chicago, Illinois 60605 • Phone: 312.697.1382 • Fax: 312.697.1384

April 27, 2023

Mr. Ian H. Fisher
Mr. Benjamin S. Morrell
Taft Stettinius & Hollister, LLP
111 East Wacker Drive, Suite 2800
Chicago, Illinois 60601

Via: Electronic Mail Only

    Re:    *Lynch et al. v. City Colleges of Chicago*, Case No. *21-CV-00366*

Dear Counsel:

    I am writing to reiterate our agreements from yesterday's 37.2 call and to provide you with the information you requested regarding deficiencies in your privilege log and proposed deponents.

### *Privilege Log*

    You have agreed to investigate which individuals had access to three mailboxes and to provide us with that information: "laborrelations" (Entries 40 and 66), "eeoofficer" (Entries 66, 83, 87, and 183), and "compensation" (Entries 94-96 and 109). You have also agreed to review a number of the entries on your privilege log, including specifically, Nos. 23 and 222 (both of which we do not believe are privileged and asked you to produce) and, more broadly, the following categories:

- Entries that relate to FOIA requests, complaints, unemployment claims, etc. but that do not specify who these requests, complaints, claims, etc. relate to. As we explained yesterday, we cannot fully assess the relevance of these documents to this case without this information. Please update these entries with the additional requested details, including who each entry specifically relates to.
    - FOIA request: See Entries 24-28, 125, 139, 145-146, 154, 159, 224
    - Labor arbitration: See Entries 40-41, 45-49, 51, 56, 88-93, 226
    - FERPA obligations: See Entries 52-53
    - Complaint against adjunct instructor: See Entries 66, 71-87
    - Memorandum of Understanding: See Entries 100-104
    - Internal complaint against professor: See Entry 112
    - Impending/potential litigation: See Entries 122, 124, 126-138, 140-144, 147-153,

O'Malley & Madden, P.C.

Mr. Ian H. Fisher
Mr. Benjamin S. Morrell
April 27, 2023
Page 2 of 4

        155-158, 160-165, 171, 174-175, 179-182, 184-209
- EEOC Charges: See Entries 168-169
- COBRA obligations: See Entries 170-174, 176-178
- Internal investigation: See Entry 183
- Unemployment claim: See Entries 210-221

- Entries for communications that may be partially privileged but that you have not produced in a redacted format. We ask that you produce these communications and merely redact the portions that are subject to privilege.
  - See Entries 27, 52, 56, 70, 73-74, 77, 80-82, 86, 100, 102-104, 107-108, 118-121, 126-127, 129, 134, 146, 151-152, 166-167, 171, 174-175, 178, 184-190, 192-208, 212, 214, 222-223, 226

- Entries where you have claimed work product and/or attorney client privilege over communications that were not created by an attorney or that do not even involve an attorney.
  - See Entries 47, 50, 66, 69, 80, 81, 82, 86, 100, 101, 173

- Entries Nos. 51, 88-93: We discussed that if Defendant intends to use Plaintiffs' planned participation in the referenced arbitration as a factor that was considered in deciding Plaintiffs' terminations, these documents would be squarely at issue, and we would ask you to produce them. Please confirm that Plaintiffs' terminations were not in any way based upon their involvement with this arbitration. Otherwise, please produce these communications.

- Entries for communications regarding "personnel changes," which, as we noted yesterday, is business advice, not legal advice. "[D]ecisions concerning the discipline and termination of employees are business decisions and any legal advice sought or received is incidental to considerations of what is most prudent for the successful operation of the business." *Smith v. Bd. of Educ.*, 2019 U.S. Dist. LEXIS 102326, at *5-6 (N.D. Ill. June 19, 2019)(citations omitted). Given the timing of these entries/communications, it is apparent that the "personnel changes" referenced relate to our clients and/or Torres. Please produce these communications.
  - See Entries 94-98, 105, 107-110, 113-121, 123, 183

You also requested that we provide you with caselaw regarding your obligation to specify who the recipient was for each entry vs. who was merely copied. As we have stated in our previous motion to compel related to your privilege log, "[i]t goes without saying that documents do not become cloaked with the lawyer-client privilege merely by the fact of their being passed from client to lawyer." *See Smith*, 2019 U.S. Dist. LEXIS 102326, at *3, 8 (ordering employer to produce unredacted copies of emails on its privilege log because they were prepared by non-attorneys and sent to other non-attorneys and an attorney for simultaneous review or because they were addressed to other non-attorneys with a copy to an attorney; *see also Musa-Muaremi v. Florists' Transworld*

O'Malley & Madden, P.C.

Mr. Ian H. Fisher
Mr. Benjamin S. Morrell
April 27, 2023
Page 3 of 4

*Delivery, Inc.*, 270 F.R.D. 312, 316 (N.D. Ill. 2010)("Parties may not create a privilege in otherwise nonprivileged business documents by 'funneling' or incidentally copying them to an attorney."). Rule 26 is clear that you must provide enough information for us to assess your claims of privilege. Accordingly, we are entitled to know whether the attorney(s) you have listed in each communication were recipients or whether they were merely copied.

Please provide an updated privilege log as soon as possible so that we may assess each of your claims of privilege and determine whether another motion to compel is necessary.

*Contact Information*

We sent you a list of former/current CCC employees for whom we do not have complete contact information (personal phone number, personal email address, home address). On yesterday's call, you explained that you received our list but hadn't had a chance to start gathering contact information. You agreed to review the list, provide us with the contact information for these individuals, and state whether any of the listed individuals are still management-level employees of CCC. Since we need this information to start scheduling depositions, we would appreciate if you could provide us with the requested information by Friday May 5.

*Depositions*

There is no doubt that we will need to take more than 10 depositions in this case, especially when, as we stated yesterday, the Parties have together expressly named 117 individuals with relevant knowledge of this matter, with Defendant has having expressly named 63 individuals in its 26(a)(1) disclosures and/or in its answers to interrogatories. We believe we will need to take the depositions of the following people, although this list is by no means exhaustive and may be amended based upon what we learn in the depositions of others or in the discovery we very recently received from you, which we are in the midst of reviewing:

- Aaron Allen
- Anne Panomitros
- Antony Pro
- Carol Dunning
- Cassandra Powell
- Cyril Nichols
- Diandra Ritchie
- Diane Bailey
- Douglas Geiger
- Eduardo Garza
- Eugene Nichols
- George Kinlaw
- Griselda Silva
- Jameta Rogers

O'Malley & Madden, P.C.

Mr. Ian H. Fisher
Mr. Benjamin S. Morrell
April 27, 2023
Page 4 of 4

- Janine Janosky
- Jessica Hollie
- John Gasiorowski
- Juan Carlos Michel
- Juan Salgado
- Kendra Marlowe
- Laura Paz
- Mario Diaz
- Mark Potter
- Michael Held
- Micki Yolich
- Roberto Torres
- Romell Murden-Woldu
- Ronald Martin
- Sarah Rhee
- Stephanie Krah
- Steven Smith
- Treveon Simmons
- Walter Massey

We also intend to take a 30(b)(6) deposition. Additionally, we may take depositions of the individuals who made the decisions on Plaintiffs' subsequent applications for employment, which directly relate to their retaliation charges. While we hope that we can avoid or at least minimize the number of fact witnesses relating to the subsequent retaliation charges, that will depend on the agreed upon scope of the 30(b)(6) deposition and what we can obtain from the 30(b)(6) deponent(s).

Finally, as we provided you with dates we may be unavailable this summer, please let us know if there are dates that you are not available for depositions so that we can begin creating a schedule.

Sincerely,
O'Malley & Madden, P.C.

Alexandra L. Raynor

ALR