## Morrell, Benjamin S.

| | |
|---|---|
| **From:** | Fisher, Ian H. |
| **Sent:** | Tuesday, May 23, 2023 7:43 PM |
| **To:** | Megan O'Malley; Morrell, Benjamin S.; Alex Raynor |
| **Subject:** | RE: Lynch v. CCC - amended privilege log |

Megan,

I write in response to your voicemail of today and the email you sent shortly thereafter. First, I am happy to speak with you by phone but, as I have mentioned, I am not always available for unscheduled calls. We can schedule a call to discuss any issue that is on your mind; however, I think this email will address all of the issues you raised in both your voicemail and email of today.

Joint Discovery Motion & Rule 37.2
We do not believe that Plaintiffs have complied with Judge Ellis's standing order on discovery or with Local Rule 37.2 with respect to the issues raised in Plaintiffs' portion of the draft joint motion. The parties have worked to narrow the issues in dispute here, as evidenced by CCC producing an amended privilege log and Plaintiffs withdrawing their challenge to a number of privilege log entries as a result. That meet-and-confer process has been ongoing. To demand that we provide our portion of the joint brief 21 hours after you unilaterally decided that process is complete does not comport with Judge Ellis's reminder in her standing order that "compliance with Local Rule 37.2 requires a good faith effort to resolve discovery disputes" (emphasis in original). We will prepare our portion of the brief and plan to do so on Thursday. Engaging in an extensive email discussion about timing only takes us away from focusing on our portion of the brief.

Additionally, we note that Plaintiffs' portion of the brief is nearly double the length allowed by the standing order for a motion containing both sides' arguments. The length of Plaintiffs' portion, thus, further contributes to our need for more time than a single day to respond.

I admit that I was not previously aware Judge Ellis is not hearing motions during the month of June. But, we do not understand your urgency regarding the issues raised in the draft joint motion. If the urgency arises from the request to Judge Ellis in your draft motion for a ruling on the Court's *in camera* review of the closed board meeting before the deposition of Dr. Janosky schedule for June 12, we have no objection to your request for such a decision. You have our permission to file that portion of the proposed motion and note at the end that defendant does not object.

If, on the other hand, the urgency relates to the emails over which defendant has claimed privilege, we note that of the privilege log entries at issue in the proposed (Entries 95-98, 105, 107-110, 116, 123, and 183), Dr. Janosky was a recipient of only one, Entry 116. While defendant continues to claim privilege over this email, we accidentally omitted in the description column of the amended log that the email concerned a media inquiry "regarding elimination of VP of Institutional Effectiveness position at Daley College" (omitted words underlined). Indeed, this type of issue is the very reason we suggested on May 17 that an additional meet and confer should occur to the extent our May 19 amended privilege did not resolve the open disputes. That aside, we represent to you that Entry 116 relates to the elimination of the VP of Institutional Education; if you prefer, we can provide a corrected log with that revision. Please let us know if this offer will remove Entry 116 from your proposed joint discovery motion.

As we previously stated, we can provide our portion of the brief on Thursday. That will allow you to timely notice the motion for hearing on Wednesday, March 31 at Judge Ellis' 9:45 a.m. motion call. As I had mentioned, I am not in town next week—I will be traveling of my daughter's graduations; I will not be available for the Tuesday hearing as I will be in transit or the Thursday hearing as I will be sweating in a folding chair for her commencement. (She has a graduation ceremony on Wednesday, but I anticipate the Court's motion call will be completed before the ceremony begins.)

Other Written Discovery Issues

We have received your request for native versions of the "EL Nov7.docx" and "ER 11.7.2019.docx" documents (previously produced to Plaintiffs at bates numbers CCC_0003235 and CCC_0003240, respectively) "with all meta data intact and with ability to load." We do not as a matter of course provide native files for Word documents, in part because when they are produced through Relativity we provide a full image and text, and the metadata is identical to that of the native document. Thus, Plaintiffs already have versions of these documents that contain all available metadata. Nevertheless, per your request, we will produce tomorrow the native versions of these previously produced documents.

Regarding your request for the "EL Nov1.docx" document, we will produce that as well, both in imaged and native format. The email enclosing that document has previously been produced to Plaintiffs as part of the email chains at bates numbers CCC_0051136, CCC_0051138, CCC_0051140, CCC_0051177, CCC_0051180, CCC_0051232, CCC_0051234, CCC_0051296, CCC_0051299, CCC_0053466, and CCC_0053467. Each of these documents also contains a reference to the attached "EL Nov1.docx" document. Additionally, the "EL Nov7.docx" previously produced to Plaintiffs at bates number CCC_0003235 is a different version of this same document. Unfortunately, the "EL Nov1.docx" version was not previously produced to Plaintiffs. We will send it tomorrow.

As mentioned last week when we produced .pdf versions of redacted and unredacted documents over which CCC withdrew or reduced previous assertions of privilege and/or work-product protection, we will produce through Relativity imaged versions of these previously provided documents containing the full metadata. We will send those documents tomorrow as well. Please use the Relativity versions with full metadata going forward and not the .pdf versions.

Finally, we have determined that the "eeofficer," "compensation," and "laborrelations" email addresses were not listservs as we initially believed; rather, they are email addresses to which multiple people had access. We expect to learn the identities of the individuals at CCC who had access to each address in the next few days and will share this information with you.

Best,
Ian




**Ian H. Fisher,** Partner
Litigation
Direct: 312.836.4043 | Office Ext: 34043
Taft Office: Chicago

---

**From:** Megan O'Malley <momalley@ompc-law.com>
**Sent:** Tuesday, May 23, 2023 9:14 AM
**To:** Morrell, Benjamin S. <BMorrell@taftlaw.com>; Alex Raynor <alex.raynor@ompc-law.com>
**Cc:** Fisher, Ian H. <IFisher@taftlaw.com>
**Subject:** Re: Lynch v. CCC - amended privilege log

Counsel:

When we spoke last Wednesday, we fully outlined our position in detail to you over our 1 hour long phone call. We then told you we needed to get a motion on file, as we agreed during the call that we had already reached impasse on the entries relating to "personnel changes." We told you we would begin preparing that motion and get a draft to you. We then got you the draft 2 days later, on Friday at 4:15 p.m. The draft reiterated the position we had already shared with you both verbally and in writing on April 27. There is no basis whatsoever for you to suggest that you need twice as much time for your portions as we took for ours,

particularly given that we are the moving party requesting relief and that you have been well aware of our position on this discrete issue for quite some time - which issue has been briefed previously between the parties.

If you are able to get us your portion by today at 6:30 p.m. (which allows you the exact same amount of time we took to draft the motion, even after removing the weekend days), that will allow us time to review your portion and make any needed adjustments and still get it on file tomorrow. We will, of course, expect that you will cooperate tomorrow during business hours in signing off on the final version so that we can get it filed, as tomorrow is the last day to notice the motion in order to have it heard by Judge Ellis on Tuesday of next week.

This is both fair and necessary in order to have the Court hear the dispute in a timely fashion. What is not "fair" is you withholding documents for years, violating a Court order to produce everything (including a log) by March 31, filing a false affidavit of completeness, and then demanding that we give you twice as much time as we took to complete your portion to our motion.

If you have your portion to us by 6:30 p.m. today, we can still file it as joint. If you refuse, we will proceed with a Plaintiff's filing only.

Also, I do need your confirmation that you will produce the "EL Nov1.docx" document by Friday. If you are refusing to produce this document, which should have been produced in 2021, we will additionally move for discovery sanctions. I tried contacting you by telephone, but you were not available and I left a message inviting you to call me back. Pursuant to Local Rule 37.2, we request that you please confirm - by 6:30 p.m. today - that you will comply with your long overdue obligation to produce this evidence.

Thank you,

Megan O'Malley
O'Malley & Madden, P.C.
542 S. Dearborn St., Ste. 660
Chicago, Illinois 60605
phone: 312.697.1382
facsimile: 312.697.1384

The information contained in this email message and in any attachments constitutes confidential information that belongs to O'Malley & Madden, P.C. This email and attachments may also contain attorney work product or information protected by the attorney-client privilege or other privileges. This information is intended only for the use of the individual or entity to which it is directed. If you are not the intended recipient, you are hereby notified that any disclosure or reliance on this information is prohibited. If you have received this message in error, please notify us at 312-697-1382.

---

**From:** Megan O'Malley <momalley@ompc-law.com>
**Sent:** Monday, May 22, 2023 6:45 PM
**To:** Morrell, Benjamin S. <BMorrell@taftlaw.com>; Alex Raynor <alex.raynor@ompc-law.com>
**Cc:** Fisher, Ian H. <IFisher@taftlaw.com>
**Subject:** Re: Lynch v. CCC - amended privilege log

Ben,

We revised one paragraph and one footnote. The other revisions were tense changes and the like. The only reason we had to revise anything is because it took you nearly a month to give us an amended log (after the initial log was already served belatedly, nearly 3 weeks after you were ordered to provide it). Had you complied with the Court's deadline of March 31, we could have had a 37.2 conference about the log and those entries the first week of April, but you didn't. You are the cause of the delay in getting this issue before the Court.

Thursday is unacceptable. Judge Ellis is not hearing motions the entire month of June, and so it seems will either be off the bench or tied up in a trial. We need to get this before her as she needs to still rule on the *in camera* documents she has had since February, and she may also wish to review the entries from this new motion *in camera* and will need to for that as well. We will not be jammed up by you in preparing for Janine Janosky's deposition. It is already unacceptable that you are **still** withholding highly relevant documents in the matter, which - as requested in my earlier email - we expect to be served no later than Friday. Why wasn't the EL Nov1.docx document produced with your initial production back in 2021? This is a centrally relevant document that didn't need an ESI search in order for you/your client to discover, as Ms. Panomitros and Ms. Janosky are fully aware that they prepared these documents in their initial attempts to fire my clients. Frankly, it seems that both Ms. Panomitros and Ms. Janosky are committing misconduct by not providing their counsel with documents they know full well are centrally relevant to this matter. This is sanctionable conduct. Perhaps it is Taft who is withholding the documents? We have been very gracious in providing you with the benefit of the doubt, but your continued refusals of cooperation do not suggest that the continued revelations of withheld documents were oversights by either you or your client.

The current motion we intend to file is not a complicated motion and you have known our core position since April 26, which we put in writing (with legal authority) on April 27. Moreover, we have briefed this exact same issue in the prior motion. Your continued delays are not acceptable.

We will file the motion as a Plaintiff's motion and note that we gave you the opportunity to participate.

Megan O'Malley
O'Malley & Madden, P.C.
542 S. Dearborn St., Ste. 660
Chicago, Illinois 60605
phone: 312.697.1382
facsimile: 312.697.1384

The information contained in this email message and in any attachments constitutes confidential information that belongs to O'Malley & Madden, P.C. This email and attachments may also contain attorney work product or information protected by the attorney-client privilege or other privileges. This information is intended only for the use of the individual or entity to which it is directed. If you are not the intended recipient, you are hereby notified that any disclosure or reliance on this information is prohibited. If you have received this message in error, please notify us at 312-697-1382.

---

**From:** Morrell, Benjamin S. <BMorrell@taftlaw.com>
**Sent:** Monday, May 22, 2023 6:23 PM
**To:** Megan O'Malley <momalley@ompc-law.com>; Alex Raynor <alex.raynor@ompc-law.com>
**Cc:** Fisher, Ian H. <IFisher@taftlaw.com>
**Subject:** RE: Lynch v. CCC - amended privilege log

Megan,

We agree that the parties are now at issue under Local Rule 37.2 regarding the revised list of privilege log entries Alex sent to us earlier this afternoon. We also agree we will need to provide Defendant's portion of the joint brief. But, your proposed deadline of noon tomorrow is neither realistic nor fair.

At nearly the close of business on Friday afternoon, we first received a 9-page document containing Plaintiffs' side of the draft joint motion with your request that we provide Defendant's portion of the brief in less than two business days. And, we received a revised draft of Plaintiffs' side of the motion just a couple hours ago (in response to the amended privilege log we sent to you late Friday). It is unreasonable to expect us to draft a response before the parties were fully at issue and while you were still revising Plaintiffs' draft of the motion. And, fair or not, we need more time to do so than the 21 hours you have proposed.

We will plan to send over our portion of the joint motion on Thursday. We think this is a reasonable amount of time to respond to Plaintiffs' arguments.

---

**From:** Megan O'Malley <momalley@ompc-law.com>
**Sent:** Monday, May 22, 2023 2:44 PM
**To:** Alex Raynor <alex.raynor@ompc-law.com>; Morrell, Benjamin S. <BMorrell@taftlaw.com>
**Cc:** Fisher, Ian H. <IFisher@taftlaw.com>
**Subject:** Re: Lynch v. CCC - amended privilege log

Attached is the updated version in both Word (clean) and a pdf version that shows the tracked changes for your convenience. You will see that the very few substantive changes are almost entirely within one paragraph and in the footnote on page 6. Please insert Defendant's response positions into this version.

Thank you,

Megan O'Malley
O'Malley & Madden, P.C.
542 S. Dearborn St., Ste. 660
Chicago, Illinois 60605
phone: 312.697.1382
facsimile: 312.697.1384

The information contained in this email message and in any attachments constitutes confidential information that belongs to O'Malley & Madden, P.C. This email and attachments may also contain attorney work product or information protected by the attorney-client privilege or other privileges. This information is intended only for the use of the individual or entity to which it is directed. If you are not the intended recipient, you are hereby notified that any disclosure or reliance on this information is prohibited. If you have received this message in error, please notify us at 312-697-1382.

---

**From:** Alex Raynor <alex.raynor@ompc-law.com>
**Sent:** Monday, May 22, 2023 12:29 PM
**To:** Morrell, Benjamin S. <BMorrell@taftlaw.com>; Megan O'Malley <momalley@ompc-law.com>
**Cc:** Fisher, Ian H. <IFisher@taftlaw.com>
**Subject:** Re: Lynch v. CCC - amended privilege log

Counsel,

Thank you for sending us your amended log. As this was sent after hours on Friday, we have just now had an opportunity to review the entries we reference in our motion to compel. Based on your changes, we will agree to withdraw our motion as to Entries 94, 113-115, and 117-121. We intend to send you updated language for the background portion of our motion to account for this change. That said, we will continue to move on Entries 95-98, 105, 107-110, 116, 123, and 183 as we do not believe these are privileged, even with your amendments. Since there are no significant changes to the motion, we still expect to receive your portion by noon tomorrow so that we can get this before the court as soon as possible.

Best,
Alex

---

**From:** Morrell, Benjamin S. <BMorrell@taftlaw.com>
**Sent:** Friday, May 19, 2023 6:11 PM
**To:** Megan O'Malley <momalley@ompc-law.com>; Alex Raynor <alex.raynor@ompc-law.com>
**Cc:** Fisher, Ian H. <IFisher@taftlaw.com>
**Subject:** Lynch v. CCC - amended privilege log

Counsel,

Attached please find CCC's amended ESI privilege log. Please let us know if you have any questions or would like to discuss.

Thanks,

Ben



**Benjamin S. Morrell**
Attorney
BMorrell@taftlaw.com
Dir: 312.840.4489
Tel: 312.527.4000   |   Fax: 312.527.4011
111 E. Wacker Drive, Suite 2600
Chicago, Illinois 60601-4208

**taftlaw.com**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.