**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EILEEN LYNCH, ERIN RUBIO, and ANEESA SALEH, | |
| Plaintiffs, | |
| v. | Case No. 1:21-cv-00366 |
| BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 508, d/b/a CITY COLLEGES OF CHICAGO, | District Judge Ellis |
| | Magistrate Judge Finnegan |
| Defendant. | |

**MOTION TO STRIKE FOR FAILURE TO COMPLY WITH LOCAL RULE 37.2 AND THE COURT'S STANDING ORDER**

Defendant Board of Trustees of Community College District No. 508 d/b/a City Colleges of Chicago ("CCC") moves to strike Plaintiffs' Motion to Resolve Discovery Disputes (D.E. 83), which they have incorrectly styled as a "Joint" motion, for failure to comply with Local Rule 37.2 and this Court's standing order on discovery motions.[1]

CCC wishes it did not feel compelled to file this motion. Indeed, the discovery dispute presented in the "joint" motion is simple: whether CCC properly withheld 12 documents described on its privilege log. But, the meet-and-confer process has broken down enough to risk an injustice. After CCC sent its portions of the joint motion to Plaintiffs and shortly before Plaintiffs filed a "joint" motion, Plaintiffs' counsel made major revisions to their portions of the "joint" motion—adding nearly 800 words and several new arguments—and then refused to allow CCC to make any changes to its portion to address these revisions. Further, Plaintiffs demanded CCC's signature

---

[1] *See* https://www.ilnd.uscourts.gov/PrintContent.aspx?cmpid=815.

without providing time to review the new content and the exhibits they just shared—indeed, a mere 19 minutes. Then, Plaintiffs refused to communicate further and unilaterally filed the motion. Thus, CCC is forced to seek the Court's intervention.

**I.     Background**

In its portion of the draft "joint" motion to resolve discovery disputes, CCC explained that Plaintiffs have failed to comply with Local Rule 37.2 and the Court's standing order because the meet-and-confer process had not concluded on the issue raised in the motion. (*See* D.E. 83 at 9–11.) CCC will not repeat those arguments or factual recitations here other than to note that throughout the parties' communications over the last week, CCC consistently told Plaintiffs it would provide Plaintiffs with its portion of the joint motion on Thursday, May 25, 2023. (*See* D.E. 83-17 at 1; D.E. 83-20 at 1.)

On Thursday morning (yesterday), Plaintiffs' counsel sent an email to defense counsel threatening to file the motion without CCC's portions and making further demands. Specifically:

> If I don't receive your portion by 1 p.m. today, we will proceed with filing a Plaintiff's motion only. Also, even if I receive your portion by 1 p.m., as I have other commitments this afternoon, I will not be able to go back and forth and wait for you to review any adjustments we may make. Accordingly, we will insert your portion, make our adjustments, and file the motion without further exchanges between us.

(**Ex. 1**.) Defense counsel replied shortly thereafter, once again stating "we will have our portion to you today. We will not, however, be able to get it to you by 1 p.m. And, we will not agree to you revising the joint motion and filing it without giving us a chance to see the revisions." (**Ex. 2**.)

True to its word, CCC sent its portions of the draft joint motion (along with its supporting exhibits) to Plaintiffs yesterday at 1:19 PM. (**Ex. 3**.) In fact, CCC barely missed Plaintiffs' unilateral deadline of 1:00 PM. CCC's counsel asked: "If subsequent changes are made to Plaintiffs' positions, please send the new draft to us so we can review the revisions," and further

requested copies of Plaintiffs' exhibits, which Plaintiffs had not shared with defense counsel. (*Id.*)

In response, Plaintiffs' counsel made further demands:

> I will insert your portions and send you our final draft and expect immediate turn around on your part. I will continue to prepare a Plaintiff's motion only that will be filed at 4 p.m. if I don't have your cooperation. This is not subject to any further negotiation or debate as today is the last day to file the motion and have it heard before July, given your unavailability on Thursday of next week and the Court's schedule of not hearing motions in June.

(**Ex. 4**.)

Plaintiffs' counsel sent CCC's counsel a further revised draft of the joint motion at 4:15 PM. (**Ex. 5**.) The "redline" comparison document attached as **Exhibit 6** shows the changes Plaintiffs made to their portions of the draft joint motion after CCC sent its portions to Plaintiffs earlier that day (additions are in blue and underlined, while deletions are in red and "strikethrough"). Notably, Plaintiffs added nearly 800 words of content and several new arguments. (*See id.* at 4–5, 7–9, 13–14, 17.) Plaintiffs then sent their exhibits to CCC's counsel for the first time at 4:24 PM. (**Ex. 7**.)

Six minutes later, Plaintiffs' counsel sent an email stating: "I'm preparing the filing for ECF now. *We didn't make many changes*, and you don't get sur-reply opportunities, so I will just leave your signature off and note that you didn't get back to me." (**Ex. 8** (emphasis added).) As shown by Exhibit 6, Plaintiffs had, in fact, made substantial changes and revisions to their portion of the draft joint motion.[2]

**Exhibit 9** captures the exchange of several short emails that followed from 4:30 to

---

[2] CCC also wishes to correct another inaccurate statement in the "joint" motion. Plaintiffs claim CCC produced "2,000 new pages of discovery" after it completed its ESI production. (D.E. 83 at 5.) This is misleading. As CCC's counsel told Plaintiffs on April 20, 2023, "a substantial number of the documents produced yesterday **are duplicates of those already produced** to Plaintiffs previously. In this production, we produced entire families of documents, with slip sheets for privileged documents, to avoid creating additional overlay problems that would arise from

4:47 PM. CCC's counsel asked for a redline version to view Plaintiffs' changes (*id.* at 3), which Plaintiffs' counsel declined to provide (*id.* at 2). Plaintiffs' counsel then stated:

> I am including at the front of the motion the following language and I will file.
> While Defendant provided its portion to Plaintiffs, it did not reply in a timely fashion to Plaintiffs' request to affix its signature. As such, Defendant's portions are included, but the motion is unsigned by Defendant.
>
> I had to cancel my afternoon meeting, so I am not concerned with Ben's meeting. I will wait exactly 10 minutes. If I don't get your approval, I will file with the prefatory statement above.
>
> I am also filing a motion for leave to file oversized motion. Do you object?

(*Id.*)

Recognizing that CCC's portions of the brief addressed Plaintiffs' argument in its original draft and not the revised draft Plaintiffs planned to file, CCC's counsel stated: "The brief makes no sense with our section addressing points that have removed or changed." (*Id.* at 1.) Plaintiffs' counsel replied: "I am not removing your sections. I am including them without your signature and letting the Court know you didn't get back to me about including your signature." (*Id.*) Attempting to continue the discussion, CCC's counsel stated: "But our section addresses points in your section that you have now deleted or revised." (*Id.*) Plaintiffs' counsel never responded and filed the motion to resolve discovery disputes at 4:54 PM. (D.E. 83.)

## II. Plaintiffs' motion should be stricken for violating the local rules and the Court's standing order.

Local Rule 37.2 provides:

> To curtail undue delay and expense in the administration of justice, this court shall hereafter refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure,

---

breaking up families of documents. Producing duplicates was a natural and inevitable consequence of this decision made in the spirit of inclusivity." (D.E. 83-8 at 2 (emphasis added).) This email appears in an exhibit to the "joint" motion. In an email sent the next day, CCC's counsel explained in further detail that "only 19% of this week's production consists of pages of new information." (**Ex. 10** at 1.)

4

> unless the motion includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation.

N.D. Ill. R. 37.2. The Court's standing order on discovery motions modifies this process:

> The Court believes that parties can and should work out most discovery disputes, and thus discourages the filing of discovery motions. The Court will not hear or consider any discovery motions unless the parties have complied with the meet and confer requirement under Local Rule 37.2. Any discovery motion must state with specificity when and how the movant complied with Local Rule 37.2.
>
> Parties are reminded that compliance with Local Rule 37.2 requires a good faith effort to resolve discovery disputes and, other than in exceptional circumstances, communication that takes place face to face or by telephone. The mere exchange of correspondence will not normally be sufficient to comply with Local Rule 37.2.
>
> If the parties do not resolve their disagreements through this procedure, the parties must file a joint motion of no more than five pages. The joint motion must set out each issue in a separate section and include in that section each party's position (with appropriate legal authority) and proposed compromise. (This process allows a side-by-side analysis of each disputed issue.)

(Standing Order on Discovery Motions and E-Discovery.)

"The Court's general practice is to strike any discovery motion that fails to comply with Local Rule 37.2." *Wachovia Sec., LLC v. Neuhauser*, 04 C 3082, 2007 WL 9813404, at *1 n.1 (N.D. Ill. Aug. 9, 2007). The Court also may strike a pleading that violates a standing order. *See Sledge v. Butler*, 15-CV-7295, 2016 WL 1182051, at *4 (N.D. Ill. Mar. 28, 2016).

Plaintiffs' counsel's conduct during the meet-and-confer process, including the procedure for drafting and filing a joint motion to resolve discovery disputes, violates both the spirit and the letter of the local rule and the Court's standing order. In an apparent rush to ensure Plaintiffs' discovery motion would be heard by the Court next week, Plaintiffs' counsel made several shifting

and inappropriate demands that CCC provide its portions of the draft joint motion with very little turnaround time. More importantly, Plaintiffs presented new arguments to the Court without giving CCC an opportunity to respond to them. Indeed, the discussion above and exhibits attached show the inaccuracy of Plaintiffs' representation to the Court that "[w]hile Defendant provided its portion to Plaintiffs, it did not reply in a timely fashion to Plaintiffs' request to affix its signature" (D.E. 83 at 1)—not to mention the inaccuracy of filing the motion as a "joint" motion. CCC did not give its consent to file the "joint" motion, had no opportunity to respond to the new material Plaintiffs added, and would be prejudiced if it is deprived of the opportunity to respond to Plaintiffs' new arguments. Moreover, this back-and-forth process is supposed to result in narrowing the issues in dispute, not adding to them.

CCC's request is narrow. The Court should strike Plaintiffs' motion without prejudice, require the parties to complete the meet-and-confer process, and to then file a joint motion to resolve the discovery dispute that only discusses the issue on which they are actually at an impasse (i.e., whether CCC properly withheld documents described in its privilege log). As part of the filing, the Court should require both counsel to allow the other to review and respond to any revisions to the motion. CCC's counsel regrets it has had to take the Court's time with this motion.

Dated: May 26, 2023

Respectfully submitted,

*/s/ Benjamin S. Morrell*
Benjamin S. Morrell
Attorney for Defendant Board of Trustees
of Community College District No. 508
d/b/a City Colleges of Chicago

Ian H. Fisher (ifisher@taftlaw.com)
Benjamin S. Morrell (bmorrell@taftlaw.com)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, Illinois 60601
(312) 527-4000

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EILEEN LYNCH, ERIN RUBIO, and ANEESA SALEH,<br><br>    Plaintiffs,<br><br>v.<br><br>BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 508, d/b/a CITY COLLEGES OF CHICAGO,<br><br>    Defendant. | Case No. 1:21-cv-00366<br><br>District Judge Ellis<br><br>Magistrate Judge Finnegan |

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record.

Date: May 26, 2023

                                                                     By:    */s/ Benjamin S. Morrell*
                                                                             One of Defendants' Attorneys