UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EILEEN LYNCH, ERIN RUBIO, and ANEESA SALEH, | ) ) ) |
| Plaintiffs, | ) Case No. 2021-cv-00366 ) |
| v. | ) Judge Sara L. Ellis ) |
| BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 508 d/b/a CITY COLLEGES OF CHICAGO, | ) Magistrate Judge Sheila M. Finnegan ) ) ) ) |
| Defendant. | ) |

**PLAINTIFFS' RESPONSE AND REQUEST FOR SANCTIONS
IN RELATION TO DEFENDANT'S MOTION TO STRIKE**

Plaintiffs, through their counsel, and pursuant to Federal Rule of Civil Procedure 37 and 28 U.S.C. §1927, respond to Defendant's Motion to Strike and request sanctions, as follows.

**DEFENDANT'S COUNSEL HAS MADE MATERIAL, FALSE REPRESENTATIONS TO THIS COURT**

Below are the words of Defendant's counsel, Benjamin Morrell, on May 22nd:

> We agree that the parties are now at issue under Local Rule 37.2 regarding the revised list of privilege log entries Alex sent to us earlier this afternoon. We also agree we will need to provide Defendant's portion of the joint brief.

[*See* Dkt. No. 83-17]

Just 4 days later, Mr. Morrell filed a motion – signing his name to the same – and told this Court the opposite, premising his motion to strike on a representation he knew to be false, *i.e.*, that Plaintiffs had, he now purported, failed to comply with Local Rule 37.2. This is a plain violation of both Fed. R. Civ. P. 11 and Illinois Rule of Professional Conduct 3.3 regarding Duties of Candor to the Court. As such, Plaintiff's counsel requested, on May 26, that Mr. Morrell withdraw his motion,

1

reminding him of his own words days earlier, and expressly advising that his motion violated Rule 11 as well as the ethics rules. [Ex. A, May 26 Email]

Mr. Morrell elected not to respond and elected not to withdraw the motion or correct the false statements he has made to this Court.

Defendant's motion is vexatious, has needlessly increased legal fees incurred by Plaintiffs, and Defendants' attempts to thwart Plaintiffs' efforts to have the Third Joint Motion to Resolve Discovery Disputes heard by this Court are, further, an abuse of the Court's Standing Order that requires cooperation by the parties to draft and file a joint motion.

**The timeline is clear**

Upon receiving Defendant's amended privilege log, with over 200 new entries, on April 20, Plaintiffs responded that same day to request a meet and confer, pursuant to Local Rule 37.2, to discuss deficiencies in the log. [*See* Dkt. No. 83-8]

The parties conferred on April 26 and Plaintiffs sent a letter reiterating their position on April 27. That letter asked Defendant to provide more detail for many entries, but asked Defendant to actually produce the entries described as "personnel" discussions, as Plaintiffs explained (and provided legal authority for the position that), personnel discussions are not protected. [*See* Dkt. No. 83-11]

As of May 17, Defendant still had not produced the requested entries discussing "personnel" issues.

As such, on May 17, the parties met to confer again and reached impasse on the requested entries relating to "personnel" discussions. While Defendant agreed it was going to provide an amended log regarding *other* entries, <u>it also confirmed it would not produce the requested emails discussing "personnel" issues</u>. Accordingly, the parties reached impasse in the May 17 conference on the "personnel" emails and Plaintiffs' counsel advised that she would begin preparing a draft of the joint motion to resolve the dispute as to those emails. Plaintiffs' counsel further advised that because

2

the parties had already commenced oral discovery, and the decisionmaker's deposition was set for June 12, it was important to have the dispute heard by the Court in a timely fashion to allow the Court to rule before the June 12 deposition.

Just 2 days later, on May 19, Plaintiffs sent Defendant their portion of the draft motion [*See* Dkt. No. 83-14], which reiterated the positions they shared verbally back on April 26, shared in writing on April 27, and shared verbally again on May 17. Plaintiffs requested that Defendant provide their portion of the joint motion 4 days later, Tuesday, May 23 by 12 p.m. to allow Plaintiffs time to review Defendant's arguments, and draft any necessary responses to those arguments.

Only after receiving Plaintiffs' draft motion did Defendant finally provide a second amended log on Friday, May 19. The second amended log is largely irrelevant to the set of motions now before this Court, however, because the issue with the entries subject to the Third Joint Motion to Resolve Discovery Disputes was never the sufficiency of the descriptions on the log, but was always that Plaintiffs contend that "personnel" discussions are business and not legal discussions, and the entries are not privileged and should be produced. [*See* Dkt. No. 83, p. 11-13] Plaintiffs did slightly adjust their draft and sent a new draft to Defendant on Monday, May 22.[1]

Later that same day, May 22, is when Mr. Morrell then plainly agreed that the parties were at issue, but he refused to commit to providing Defendant's portion to the joint motion by Tuesday, May 23 and unilaterally declared he wouldn't provide it until Thursday, May 24 – the very last day for the motion to be filed and still heard by the Court before July, (given that the Court is not hearing motions in June and defense counsel is unavailable Thursday June 1). [*See* Dkt. No. 83-17]

---

[1] The second amended log did not affect the merits of the dispute, or the parties being at issue, but only allowed Plaintiff to learn that certain entries reflecting "personnel" discussions did not relate to them, which then allowed Plaintiffs to make very minor adjustments to the draft motion. Specifically, Plaintiffs agreed, on May 22, to withdraw the request for unrelated personnel discussion entries (*i.e.*, entries that did not relate to them or Roberto Torres), and Plaintiffs then made very minor adjustments to the joint motion to simply reflect that they had withdrawn the request for a few of the unrelated entries. [*See* Dkt. No. 83-16]

3

For the next several days, Plaintiffs tried doggedly to secure Defendant's cooperation, to no avail. Plaintiffs asked Defendant to provide its portion no less than 8 times, and Defendant either ignored those requests or continued to refuse. Instead, Defendant insisted on taking 6 days to submit its portion, leaving Plaintiffs only a few hours to review Defendant's portion, the case law it cited therein, and draft any necessary adjustments. Plaintiffs' counsel dropped all of her other planned events for that afternoon to get Defendant the final version as quickly as possible, sending it to Defendant at 4:14 p.m. It was not at all unreasonable for Plaintiffs to insist, at this point, that Defendant remain available for immediate review of the final portion. Yet, Defendant still refused.

Between 4:14 p.m. and 4:53 p.m., Defendant's lead counsel, Mr. Ian Fisher, was in regular communication with Plaintiffs' counsel via email [*See* Dkt. No. 87-9], but he simply refused to review the motion himself, stating instead that his associate was in a meeting he would have to get him out of. [Ex. B, May 25 Email] Clearly, Defendant had no intent on cooperating with Plaintiffs to meet the deadline to get the joint motion on file in order to be heard before July.

While Defendant cherry picks the email communications between counsel and cries foul that Plaintiffs did not provide sufficient time for Defendant to draft its portion of the brief, this is utterly belied by a review of the exhibits attached to Defendant's own motion which make Plaintiffs' arduous efforts to secure their cooperation clear. It is further utterly belied by the fact that Defendant took 6 days to draft its 5 pages for the joint motion but was perfectly able to draft and submit a 6 page motion to strike less than 24 hours later.[2]

Frankly, Defendant's motion to strike, premised as it is on false statements to the tribunal, is an effort to prevent the merits of the dispute from being heard, and to bait the Court into a "both sides" exasperation in hearing the motion. It is imperative, however, that the Court not take the bait.

---

[2] Additionally, Plaintiffs, who are the moving party requesting relief, were able to draft and present their portion to Defendant only 2 days after the parties reached impasse on May 17. It is not credible for Defendant to claim it needed 3 times longer than Plaintiffs needed to draft its portion to the motion.

4

As has been evident in prior discovery motions, Defendant has repeatedly dragged its feet in complying with its discovery obligations while Plaintiffs have been fully compliant with their discovery obligations. Defendant has obstructed and attempted to hide evidence. Now, in an attempt to conceal its own violations of the rules, Defendant is looking to throw a bucket of mud in the air in hopes the Court will view both sides as covered in mud. This is a tactic which the Court cannot reward.

Rather, the Court should award Plaintiffs their fees incurred in responding to Defendant's frivolous and false motion to strike. Defendant's pattern of obstructionist conduct warrants sanctions. Plaintiffs have arduously attempted to obtain written discovery from Defendant for years now, and notwithstanding two prior Court orders compelling Defendant to produce certain information and a Court order compelling Defendant to file an affidavit of completeness, Defendant violated the Court order, filed a false affidavit, and continued to conceal centrally relevant evidence in this matter, as further discussed in the Third Joint Motion. Plaintiffs did not move for discovery sanctions on account of the prior obstruction, as Plaintiffs earnestly want this matter to simply move toward adjudication on the merits.

However, Defendant has now plainly abused the Court's Standing Order, refusing its cooperation in filing a joint motion, and has now lied to the Court in its motion to strike – purporting the parties were not at issue (after just days earlier plainly conceding the parties were at issue), thus warranting sanctions. *Martinez v. City of Chicago*, 2014 U.S. Dist. Lexis 163308, *29 (N.D. Ill. 2014)(awarding fees and costs to plaintiffs on account of defendant's lack of candor and obstructive conduct). 28 U.S.C. §1927 provides that "any attorney…in any court of the United States…who so multiplies the proceedings in any case unreasonably and vexatiously, may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Here, Mr. Morrell filed a motion to strike on grounds he knew full well to be false and refused to withdraw the motion on Plaintiffs' request, thereby requiring Plaintiffs to prepare

5

and file this response to correct the record. Plaintiffs should not bear the consequences for Mr. Morrell's lack of candor and this Court should require Mr. Morrell to pay their legal fees incurred resulting from his plainly frivolous motion to strike, premised on misrepresentations to this Court.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court deny Defendant's Motion to Strike in its entirety, order Defendant and its counsel to pay Plaintiffs' fees incurred in responding to the motion, and for any other relief the Court deems just.

                                              Respectfully Submitted,

                                              /s/   M. Megan O'Malley
                                              *Attorney for Plaintiffs*

M. Megan O'Malley
John P. Madden
O'Malley & Madden, P.C.
542 So. Dearborn St. Suite 660
Chicago, Illinois 60605
312-697-1382
momalley@omp-law.com
ARDC No. 6243598