# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EILEEN LYNCH, ERIN RUBIO, and ANEESA SALEH, | |
| Plaintiffs, | |
| v. | Case No. 1:21-cv-00366 |
| BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 508, d/b/a CITY COLLEGES OF CHICAGO, | District Judge Ellis |
| | Magistrate Judge Finnegan |
| Defendant. | |

## REPLY IN SUPPORT OF MOTION TO STRIKE AND IN OPPOSITION TO PLAINTIFFS' REQUEST FOR SANCTIONS

In their response to Defendant CCC's motion to strike their unilaterally filed motion to resolve discovery disputes, Plaintiffs include a "request" for sanctions under 28 U.S.C. § 1927, arguing that defense counsel has "lied to the Court" regarding whether Plaintiffs have complied with Local Rule 37.2. (D.E. 88 at 5.) CCC's counsel has done no such thing. Indeed, the conduct that is the subject of CCC's motion to strike—Plaintiffs filing a "joint" motion without giving CCC time to review and respond to Plaintiffs' revisions and new arguments—had not even occurred when CCC told Plaintiffs that the parties were at issue on the question of whether certain emails properly appear on CCC's privilege log. Plaintiffs' response misinterprets CCC's argument in its motion to strike. Plaintiffs' request for sanctions should be denied.

As to the merits of CCC's motion to strike, Plaintiffs offer no additional evidence or context to rebut or excuse their refusal to allow CCC to review and respond to Plaintiffs' unilateral revisions in the "joint" motion. Instead, they make several more accusations of serious misconduct by CCC or its counsel, unrelated to their request for sanctions. The Court should disregard these

recriminations and strike Plaintiffs' improperly filed discovery motion.

I.  **Plaintiffs' Request for Sanctions Is Meritless and Should Be Denied**

Plaintiffs appear to assume that the only way to violate Local Rule 37.2 is by failing to consult the other side regarding a discovery dispute. They highlight an email in which defense counsel stated to Plaintiffs' counsel that the parties were "at issue" as to their dispute regarding specific entries in CCC's Amended ESI Privilege Log. (D.E. 88 at 3 (citing D.E. 83-17).) Plaintiffs then argue that CCC "has now lied to the Court in its motion to strike – purporting the parties were not at issue (after just days earlier plainly conceding the parties were at issue)." (*Id.* at 5.) Plaintiffs misunderstand CCC's motion.

CCC's argument in its motion to strike focuses on Plaintiffs' failure to participate in "good faith" during the meet-and-confer process. Local Rule 37.2 requires the parties to engage in "good faith attempts to resolve differences." N.D. Ill. R. 37.2. This Court's standing order on discovery motions highlights this directive with a "reminde[r] that compliance with Local Rule 37.2 requires a **good faith effort** to resolve discovery disputes." Standing Order on Discovery Motions and E-Discovery[1] (emphasis in original). CCC first made this point in a May 23, 2023, email to Plaintiffs' counsel responding to their demand that CCC provide its portions of the draft joint motion to resolve discovery disputes no later than 21 hours after receiving Plaintiffs' newly revised (in response to CCC sending its amended privilege log) portions. (D.E. 80-20 at 1.) CCC raised this issue a second time in its portions of the draft joint motion, arguing that Plaintiffs' "unilateral demands plainly violate the Court's reminder in its standing order on discovery disputes 'that compliance with Local Rule 37.2 requires a **good faith effort** to resolve discovery disputes.' (emphasis in original.)" (D.E. 83 at 10.)

---

[1] *See* https://www.ilnd.uscourts.gov/PrintContent.aspx?cmpid=815.

After Plaintiffs unilaterally filed their "joint" motion to resolve discovery disputes, CCC saw the need to raise this issue with the Court by filing a motion to strike. CCC also wished to correct Plaintiffs' styling of the filing as a "joint" motion, as they filed without CCC's consent and without allowing CCC time to review their substantial revisions and new arguments added after they saw CCC's draft portions. (*See* D.E. 87 at 6.) The motion to strike quotes both the local rule and the standing order at issue modifying the rule, including their requirements that parties communicate in "good faith." (*Id.* at 4–5.) Then, CCC makes arguments similar to those it raised in the May 23, 2023, email and the draft joint motion regarding Plaintiffs' counsel's demands. (*Id.* at 5–6.) For example, it argues: "Plaintiffs' counsel's conduct during the meet-and-confer process, including the procedure for drafting and filing a joint motion to resolve discovery disputes, violates both the spirit and the letter of the local rule and the Court's standing order." (*Id.* at 5.)

Plaintiffs ignore this history and misinterpret CCC's motion to strike as saying something else. Plaintiffs' response fails to identify any specific statement contained in the motion to strike that would constitute a "false statement[ ] to the tribunal." (D.E. 88 at 4.) In reality, defense counsel has not intentionally misled the Court or attempted to hide the email that Plaintiffs now insist shows a lack of candor. CCC's counsel is the one who put this email before the Court. It was included among the exhibits sent to Plaintiffs' counsel to support CCC's portions of the draft joint motion to resolve discovery disputes. (*See* D.E. 83-17 at 1 (the email in question); D.E. 87-3 (email sending to Plaintiffs' counsel CCC's exhibits to the draft joint motion).) Moreover, the conduct that is the subject of CCC's motion to strike had not yet occurred at the time its counsel sent this email. Thus, there is no evidence of bad faith on defense counsel's part. *See Pac. Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 120 (7th Cir. 1994) (noting that "[v]exatious conduct" under 28 U.S.C.

§ 1927 requires a showing of "either subjective or objective bad faith").

Separate and apart from the apparent misinterpretation by Plaintiffs of CCC's argument, subsequent communications by the parties' counsel show that the parties are still not "at issue" under Local Rule 37.2 with respect to Entry 116 of CCC's Amended ESI Privilege Log. CCC's portion of the draft joint motion (which Plaintiffs filed without CCC's consent) notes that on May 23, 2023, after reviewing Plaintiffs' portion, defense counsel sent an email (1) clarifying that CCC "accidentally omitted" from its amended privilege log a revised description of that entry, (2) representing "that Entry 116 relates to the elimination of the VP of Institutional Education," and (3) asking "if this offer will remove Entry 116 from your proposed joint discovery motion." (D.E. 83 at 10–11 (quoting D.E. 83-20).) Defense counsel also offered to "provide a corrected log with that revision." (*Id.* at 10 (quoting D.E. 83-20).) As noted in CCC's portion of the draft joint motion, Plaintiffs' counsel never responded. (*Id.* at 11.) As of the filing of this reply, they still have not done so, despite the numerous emails they have sent to defense counsel since May 23, including a threat of sanctions. (*See generally* Exs. to D.E. 83 & D.E. 87.) Thus, even under their misreading of CCC's argument in its motion to strike, Plaintiffs have no basis to request sanctions against CCC's counsel.

## II.     The Motion to Strike Should Be Granted

Plaintiffs' response as to the merits of CCC's motion to strike offers an editorialized version of the events leading up to their unilateral filing of their motion to resolve discovery disputes. (D.E. 88 at 2–4.) While Plaintiffs assert that CCC has "cherry pick[ed] the email communications between counsel," they add no additional emails, correspondence, or any other exhibit to provide the context they claim is lacking. (*Id.* at 4.) CCC offers no additional commentary in reply. The emails are attached to the discovery motion and the motion to strike for the Court's review. CCC

4

only adds one additional exhibit to complete the picture for the Court: a recording of a voicemail message that Plaintiffs' counsel left for CCC's counsel on the morning of May 23, 2023. The email attaching the recording is attached as **Exhibit 1**, while CCC has submitted the recording itself as **Exhibit 2** using the Court's online system for "Digital Media Exhibit Submission." Regarding Plaintiffs' counsel's conduct as it relates to the "good faith" requirements imposed by Local Rule 37.2 and the Court's standing order, the recording speaks for itself.

In addition to requesting sanctions against defense counsel, Plaintiffs' response accuses CCC and its counsel of, among other things, "obstruct[ing] and attempt[ing] to hide evidence," "attempt[ing] to conceal its own violations of the rules," "violat[ing] [a] Court order," "fil[ing] a false affidavit," and "continu[ing] to conceal centrally relevant evidence." (D.E. 88 at 5.) CCC does not dignify these attacks with a response. At issue in the instant motion is whether Plaintiffs and their counsel have acted in "good faith" during the meet-and-confer process that led up to them filing a discovery motion without CCC's signature or consent. For the reasons discussed above and in its initial memorandum of law, CCC contends that they have not.

### III. Conclusion

The Court should grant the motion to strike and deny Plaintiffs' request for sanctions.

Dated: May 30, 2023

Respectfully submitted,

*/s/ Benjamin S. Morrell*
Benjamin S. Morrell
Attorney for Defendant Board of Trustees
of Community College District No. 508
d/b/a City Colleges of Chicago

Ian H. Fisher (ifisher@taftlaw.com)
Benjamin S. Morrell (bmorrell@taftlaw.com)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, Illinois 60601
(312) 527-4000

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EILEEN LYNCH, ERIN RUBIO, and ANEESA SALEH,<br><br>  Plaintiffs,<br><br>v.<br><br>BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 508, d/b/a CITY COLLEGES OF CHICAGO,<br><br>  Defendant. | Case No. 1:21-cv-00366<br><br>District Judge Ellis<br><br>Magistrate Judge Finnegan |

## CERTIFICATE OF SERVICE

  I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record.

  Date: May 30, 2023

              By: */s/ Benjamin S. Morrell*
                  One of Defendants' Attorneys

6